UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY BARR,

        Plaintiff,

                                        Case Number 17-12820

v.                                             Honorable David M. Lawson
                                             Magistrate Judge Mona K. Majzoub

HSS, INC.

        Defendant.

_____/

## OPINION AND ORDER ADOPTING IN PART REPORT AND RECOMMENDATION, OVERRULING PLAINTIFF'S OBJECTIONS, GRANTING IN PART MOTION TO DISMISS, ORDERING ARBITRATION, AND ADMINISTRATIVELY CLOSING CASE

Plaintiff Mary Barr filed a *pro se* complaint against her former employer, alleging that the defendant violated the Americans with Disabilities Act by discriminating against her based on a physical condition, and retaliating against her when she complained about it. The Court referred this case to Magistrate Judge Mona K. Majzoub for pretrial management. Thereafter, the defendant filed a motion styled as a motion to dismiss, asserting that the plaintiff signed an employment agreement that required all employment-related disputes to be resolved through a mediation and binding arbitration process. The defendant also asked that the complaint be dismissed because the plaintiff did not assert an arbitration demand within the one-year limitation contained in the emplyment agreement. Judge Majzoub filed a report on May 10, 2018 recommending that the motion to dismiss be converted to a motion for summary judgment, that the Court grant the motion in part by dismissing the complaint and compelling arbitration, and that the request to deny the claims as untimely be referred to the arbitrator. The plaintiff filed timely objections, and the matter is before the Court for *de novo* review.

I.

As the magistrate judge explained, the defendant is a security services contractor, and provided that service at the Detroit Metropolitan Airport. The defendant employed the plaintiff as a security officer there from June 2014 to June 2017, when its contract expired. According to the complaint, the defendant disciplined the plaintiff on various occasions, and at least once told her that she could not return to work because she had a medical device in her body and she would only be permitted to return to work once she filled out a 'Fit for Duty' form. The plaintiff describes other disciplinary incidents in her complaint, some of which stemmed from complications with security screening because of her medical device, and the defendant's failure to accommodate the plaintiff's reasonable requests.

The plaintiff complained about this treatment to the defendant's human resources representatives, but apparently found no sympathetic ear. She also apparently filed a complaint with the Equal Employment Opportunity Commission (EEOC).

Attached to the defendant's motion to dismiss as "Exhibit 1" is an agreement titled "Responsive Resolution Program: Alternative Dispute Resolution," which the plaintiff signed on June 2, 2014. The parties and the magistrate judge refer to this document as "the RRP." The magistrate judge described the pertinent details of that agreement in her report, and neither party takes issue with her summary. Of note is the requirement that all employment related disputes must be submitted to a mediation process, and then mandatory, binding arbitration conducted by the American Arbitration Association (AAA); arbitration demands must be made within one year "after the alleged unlawful conduct occurred"; the employee has thirty days to opt out of the mandatory

arbitration provisions in the RRP; and the agreement and disputes arising under it are to be governed by Colorado law.

The magistrate judge stated in her report that the RRP was not mentioned in the complaint and could not be included within the scope of documents that otherwise might be considered when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). But she concluded that each side had sufficient notice and the opportunity to submit extrinsic materials, so conversion of the motion to one for summary judgment under Rule 12(d) was appropriate. *See id.* ("If, on a motion under Rule 12(b)(6) . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56.").

With the RRP in play, the magistrate judge determined that the RRP covered the dispute raised in the complaint, it was not procedurally or substantively unconscionable under Colorado law, and the agreement required the dispute raised in the complaint to be resolved in arbitration. Judge Majzoub also found that the RRP governed *all* the claims raised by the plaintiff, and therefore arbitration could be compelled and the case could be dismissed rather than stayed. Finally, the magistrate judge determined that because of the confusing description of the *pro se* plaintiff's grievances, it would be imprudent to address the defendant's untimeliness arguments without some factual development, which could occur in the arbitral forum.

The plaintiff filed timely objections. The defendant filed a response to the plaintiff's objections, and the plaintiff filed a reply.

II.

The filing of timely objections to a report and recommendation requires the court to "make a *de novo* determination of those portions of the report or specified findings or recommendations to

which objection is made." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667 (1980); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). This *de novo* review requires the court to re-examine all of the relevant evidence previously reviewed by the magistrate judge in order to determine whether the recommendation should be accepted, rejected, or modified in whole or in part. 28 U.S.C. § 636(b)(1).

"The filing of objections provides the district court with the opportunity to consider the specific contentions of the parties and to correct any errors immediately," *Walters*, 638 F.2d at 950, enabling the court "to focus attention on those issues — factual and legal — that are at the heart of the parties' dispute," *Thomas v. Arn*, 474 U.S. 140, 147 (1985). As a result, "'[o]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.'" *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 837 (6th Cir. 2006) (quoting *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987)).

The defendant did not object to the recommendation to deny its request for dismissal based on untimeliness, and that question is not preserved. The Court agrees with the magistrate judge's reasoning on that issue and will adopt that part of the recommendation.

The Court has reviewed the pleadings, the report and recommendation, and the plaintiff's three objections, and has made a *de novo* review of the record in light of the parties' submissions.

**First Objection**

The plaintiff's first objection does not address any aspect of the magistrate judge's report. Instead, the plaintiff complains that the RRP dispute resolution was unfair because at step one, she had to submit her dispute to the company human resources representative, who was not a neutral

party.  But the RRP plainly sets out a three-step dispute resolution process, in which the first two steps involve an internal review by company officials.  The process begins with mediation, and then an internal appeal.  Only at the third step is there any representation that a neutral decision maker will enter the picture, in the person of an AAA arbitrator.  The magistrate judge evaluated the scope of the RRP and concluded that it provided a fair process — that it was neither procedurally nor substantively unconscionable when tested against the nine factors set out in *Davis v. M.L.G. Corp.,* 712 P.2d 985 at 991 (Colo. 1986), the seminal Colorado case governing such determinations.  Nothing in the plaintiff's first objection questions that conclusion, and the objection will be overruled.

### Second Objection

The plaintiff's second objection is similar to the first, in that she does not point to any aspect of the magistrate judge's report that she believes in incorrect.  The plaintiff insists that the RRP is "fraudulent because it is designed to deny a complaint," essentially illusory, and leads a claimant to a dead end.  The plaintiff might have a legitimate gripe if the progressive process ended at step two, as no neutral decision maker would have been involved.  But if that were the case, the RRP likely would not survive an unconscionability examination.  Of course, the process does not end there; an unsatisfied grievant has the right under the RRP to demand arbitration with the AAA, and thereby enjoy the rights that a litigant is entitled to in an arbitral forum, such as they are.  It is on that basis that the magistrate judge found the agreement conscionable.

The plaintiff also contends that the defendant accused her of criminal conduct so that the EEOC would not investigate her complaints of discrimination.  However, that allegation, even if

true, does not address the validity of the RRP or question the magistrate judge's report and recommendation.

The plaintiff's second objection will be overruled.

**Third Objection**

The plaintiff objects to the recommendation to compel arbitration "due to being unclear what is the next step because of [the defendant's] response to [her] filed Addendum and what really is [the] next step." She asks the Court to "strike" the RRP and send the case to "a new, fair arbitration through the Court." But the RRP gives the plaintiff the right to arbitrate her claim in a fair, neutral forum — the AAA — at step three of the progressive process.

The magistrate judge recommended that the complaint be dismissed — presumably without prejudice — because all claims are governed by the arbitration agreement. *See Hensel v. Cargill, Inc.*, 198 F.3d 245, 1999 WL 993775, at *4 (6th Cir. 1999) (unpublished table decision); *see also Alford v. Dean Witter Reynolds, Inc.*, 975 F.2d 1161, 1164 (5th Cir. 1992) ("The weight of authority clearly supports dismissal of the case when all of the issues raised in the district court must be submitted to arbitration."). But that disposition is not mandatory. When an arbitration clause affects a lawsuit which a federal district otherwise has the power to decide, the Federal Arbitration Act authorizes the court to stay the case pending arbitration and then enter judgment on the award afterward. *See* 9 U.S.C. §§ 3, 9. The Court's authority to enter judgment in such a case is not curtailed by the arbitration clause; rather, the arbitration clause affects only the manner in which the claim is processed. therefore, "upon being satisfied that the making of the agreement for arbitration or the failure to comply therewith is not in issue, the court shall make an order directing the parties to proceed to arbitration in accordance with the terms of the agreement." *Highlands Wellmont*

*Health Network, Inc. v. John Deere Health Plan, Inc.*, 350 F.3d 568, 573 (6th Cir. 2003) (quoting 9 U.S.C. § 4); *see also* 9 U.S.C. § 206 (authorizing Court to compel arbitration); 9 U.S.C. § 3 (authorizing Court to stay proceedings while arbitration takes place). Therefore, the Court will compel arbitration, stay the lawsuit, and administratively close the case until such time as a party seeks to confirm an arbitration award.

### III.

The magistrate judge properly concluded that the plaintiff's claims must be determined by an arbitrator.

Accordingly, it is **ORDERED** that the plaintiff's objections to the report and recommendation [dkt. #23] are **OVERRULED**, the magistrate judge's report [dkt. #22] is **ADOPTED IN PART**, and the recommendation is **ADOPTED IN PART**.

It is further **ORDERED** that the defendant's motion to dismiss, considered as a motion for summary judgment, [dkt. #13] is **GRANTED IN PART**.

Accordingly, it is **ORDERED** that the parties shall engage in binding arbitration under the conditions and procedures set out in rules governing such disputes established by the American Arbitration Association. Arbitration shall be completed **on or before September 7, 2018**. The defendant's motion is **DENIED** in all other respects.

It is further **ORDERED** that the parties must notify the court when arbitration has been completed.

It is further **ORDERED** that any party thereafter may move to reopen the case to enforce or challenge the arbitration award as permitted by law and seek judgment thereon.

It is further **ORDERED** that the clerk shall **ADMINISTRATIVELY CLOSE** the case for statistical purposes. The closure shall not be considered an adjudication on the merits.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: July 24, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 24, 2018.

s/Deborah Tofil
DEBORAH TOFIL